ON MOTION TO DISMISS.
HAMITER, Justice.
The eleven plaintiffs herein, who are residents of the Parish of Lafayette, instituted this proceeding to enjoin the State Board of Education and its individual members from carrying out a resolution of such board which approved'the establishment in New Iberia (Iberia Parish) of an educational center or branch of the University of Southwestern Louisiana (located in Lafayette Parish).
The district court held that the resolution of the board contravened Article IV, Section 14 of the Constitution of Louisiana which prohibits the establishment of an educational institution except on the approving vote of two-thirds of the members of each house of the Legislature (this was not obtained). Accordingly the court issued a permanent injunction as prayed for.
Thereafter the defendants perfected’ an appeal to this court.
The case is presently before us on plaintiffs’ motion to dismiss the appeal, it being alleged therein that this court lacks appellate jurisdiction of the matter.
A determination of the issue presented by the motion depends on the interpretation to be placed on the following pertinent, underscored, portion of Article VII, Section 10 of the Louisiana Constitution (as amended) : “The following cases only shall- be appealable to the Supreme Court: ■
*607 «(i) * * *
“(2) Cases in which an ordinance of a parish, municipal corporation, board or subdivision of the state, or a law of this state has been declared unconstitutional.” (Italics ours.)
Movers urge that the “resolution” of the State Board of Education, which has been declared unconstitutional herein, is not an “ordinance” and, hence, this court is not vested with jurisdiction of the appeal.
Several cases in our jurisprudence have been cited by the respective litigants concerning the meaning of the term “ordinance” but none is precisely in point, an interpretation by-odr courts of the constitutional provision in ■ question not having been required previously.
However, we did point out in Chapman et. al. v. Bordelon, 242 La. 637, 138 So.2d 1 that “Generally the word ‘ordinance’ is understood to mean a legislative act of a municipality, * * *. This is not necessarily so in all cases, however, for * * * ‘ordinance’ is often used as a generic term which encompasses all of the acts of a municipal'board or council whether administrative or legislative in nature. * * * Thus it will be seen that the word ‘ordinance’ can have' a very broad or quite a narrow meaning; that it can refer to all of the legislative enactments of a municipality, such as motions, resolutions, decrees, laws, etc., or can simply mean a permanent rule of action commonly known as a law.” (While the author of this opinion dissented from the conclusion reached by the majority in Chapman v. Bordelon, supra, his dissent was not because of a disapproval of the observations of the majority opinion just quoted. Rather, it was due to his view that a consideration of all of the provisions of the statute there being interpreted would disclose an intent that the term “ordinance” was to be used in its narrow sense.)
In McQuillian, The Law of Municipal Corporations, Volume 5, Section 15.08, pages 71-73 it is said: “Sometimes, however, the word ‘ordinance’ is used interchangeably with the words ‘by-laws’, resolutions’, ‘regulations’, ‘orders’, etc.” And further: “ ‘Resolution’ is said to be only a less solemn or less usual form of an ordinance. ‘It is an ordinance still if it is anything intended to regulate any of the affairs of the corporation,’ and if it is in substance and effect an ordinance. While there are in some instances and for some purposes, fundamental distinctions between a resolution and an ordinance, there is no such broad distinction between a resolution and other acts of an administrative or quasi-legislative board. Almost any one of these acts not required to be by ordinance may be in the form of a resolution.”
In our opinion the term “ordinance”, as it appears in the aforequoted constitutional provision regulating our appellate jurisdiction with respect to a board of this state, is *609 used in its broad and general sense, rather than in a restricted one; and that it refers to and includes “resolutions” of a state board. Our primary reason for this conclusion is that we know of no way in which such a board acts and functions except by resolutions. Should we apply the narrow meaning to the term “ordinance” herein we would render the constitutional provision meaningless with respect to boards and other subdivisions of the state which act only through and by resolutions.
For the reasons assigned the motion to dismiss the appeal is denied.