195 So.2d 289

Howard Charles MELANCON et al.

v.

STATE BOARD OF EDUCATION et al.

No. 48182.

Feb. 20, 1967.

Jack P. F. Gremillion, Atty. Gen., Harry Fuller, Second Asst. Atty. Gen., Willie D. Maynor, Special Counsel to the Atty. Gen., for defendants-appellants.

Domengeaux, Wright & Bienvenu, James Domengeaux, Lafayette, for plaintiffs-respondents.

SANDERS, Justice.

The question posed by this appeal is whether the Louisiana State Board of Education can establish an "education center" of the University of Southwestern Louisiana in Iberia Parish, without special legislative authorization.

In 1965, the State Board of Education adopted a resolution establishing the Education Center of the University of South-western Louisiana near New Iberia in Iberia Parish. On the petition of eleven interested taxpayers of Lafayette Parish, where the University is located, the district court held the resolution violated Article IV, Section 14, of the Louisiana Constitution and permanently enjoined the Board from establishing the Center. The State Board of Education appealed to this Court. Plaintiffs moved to dismiss the appeal, contending this Court lacked appellate jurisdiction. We maintained the appeal. See Melancon v. State Board of Education, 249 La. 604, 188 So.2d 419.

Act No. 162 of 1898 created Southwestern Industrial Institute and provided for its location as follows:

"Said Institute shall be known as the 'Southwestern Louisiana Industrial Institute,' and shall be located in that parish of the 13th Senatorial District which will offer the best inducement therefor to the Board of Trustees, said location to be made by the Board to be appointed under this act, provided that the parish selected for the location of said Institution shall donate not less than twenty-five acres of land and Five Thousand Dollars to said Institution * * *"

Pursuant to the Act, the Board of Trustees considered locations at Lafayette in Lafayette Parish and at New Iberia in Iberia Parish. During a meeting of the Board of Trustees on January 3 and 4,

1900, the Board located the Institute at Lafayette.

Article XII, Section 9 of the Louisiana Constitution of 1921 placed the Institute under supervision of the State Board of Education and changed its name to Southwestern Louisiana Institute of Liberal and Technical learning. Later, Act No. 123 of 1960 changed the name to the University of Southwestern Louisiana.

At its meeting on October 14, 15, and 16, 1965, the State Board of Education considered a proposal to establish an education center or branch of the University of Southwestern Louisiana in Iberia Parish. The original proposal read in part:

"The administration of the University of Southwestern Louisiana recommends that a lower division, or College of General Studies, be established at the former Naval Auxiliary Air Station near New Iberia. The College of General Studies should be a junior division which offers the first year's work of baccalaureate programs and one- and two-year technical curricula, the latter leading to certificates or to Associate in Arts and Associate in Science degrees.

"The College of General Studies will be headed by a vice-president, who will answer directly to the president of the University. This branch of the University will consist of three divisions, the Division of Academic Studies, the Division of Technical Studies, and the Division of Student Services. Each division will be administered by a dean. Further, while each division will be independent of the several colleges and departments of the University, each will coordinate activities with University Counterparts and related units."

The State Board of Education adopted the proposal by resolution in the following language:

"* * * [T]he Board approved the plan as outlined in the first 100 pages of the proposal of the University of Southwestern Louisiana concerning the New Iberia property, with the use of present facilities only, with the proviso that in any place in the proposal where the words 'Branch' or 'Lower Division' or 'College' appear that the words 'Education Center' be substituted, and wherever the word 'Dean' appears, the word 'Director' is to be substituted, and wherever the word 'Division' appears, the word 'Department' is to be substituted; this proposal subject to the approval and advice of the Board's attorney, the Attorney General of the State of Louisiana, relative to all legal technicalities."

Plaintiffs assert the resolution established an educational institution without special legislative authorization in violation of Article IV, Section 14 of the Louisiana Constitution, which provides:

"No educational or charitable institution, other than the State institutions now

existing, or expressly provided for in this Constitution, shall be established by the State, except upon a vote of two-thirds of the members elected to each house of the Legislature."

The State Board of Education, on the other hand, contends the resolution established no new institution but merely expanded the University across the parish line by adding to it an education center, to be operated as an integral part of the existing institution. Hence, the State Board reasons, the constitutional provision is inapplicable.

In a well-reasoned opinion, the district court held the Center was an educational institution within the meaning of the Constitution and struck down the resolution. We agree with the holding.

■ Article IV, Section 14 of the Louisiana Constitution bars the establishment of a state educational institution without sound legislative approval. The section is designed to prevent a discordant drain upon the public fisc by the proliferation of these institutions outside the Legislature, which appropriates the money for their operation.

The prohibition was introduced into the organic law by Article 60 of the Louisiana Constitution of 1898. Succeeding constitutions have retained the prohibition.

■ An educational institution within the meaning of this section is a permanent, state-controlled establishment located on state property and sustained by state appropriations to provide education through a staff of professionally trained educators.

■ In Jones v. State Board of Education, 219 La. 630, 53 So.2d 792 (1951), this Court stated:

"Generally speaking a State educational institution is one, title to whose property is vested in the State, whose physical plant and facilities are controlled and managed by the State through one of its State-wide boards and whose funds for its operation are derived from appropriations made by the State Legislature."

The record discloses that the site of the Education Center is a 1400-acre tract of land acquired in the name of the State Board of Education, after the tract had been abandoned as a naval air station. On the tract are several permanent buildings, which are to be used for educational purposes. In addition to these, however, the plan entails the construction of new buildings, including student dormitories and dining facilities. The new buildings are to be financed by state funds and proceeds of revenue bonds. The operating expenses are to be paid from state funds in recurring items of the state budget.

The head of the Education Center, a vice-president, will supervise both administrative and educational personnel at the

Center. He will act under authority delegated by the President of the University. The President, however, is responsible to the State Board of Education, a constitutional state board supervising educational institutions.

The Education Center will be composed of three departments or divisions: the Department of Academic Studies, the Department of Student Services, and the Department of Technical Studies. Each department will be administered by a director. Although coordination of departmental activities with University counterparts is required, each department will be "independent of the several colleges and departments of the University."

The Academic Studies and Student Services Departments will duplicate courses and services offered at the University of Southwestern Louisiana campus. The Department of Technical Studies, however, will provide new two-year vocational curricula leading to associate degrees from the University in such areas as agricultural engineering, air conditioning and refrigeration, construction, and restaurant management. These are terminal courses, requiring no attendance elsewhere before graduation.

University officials estimated the initial enrollment at The Education Center at 1400 students and projected the enrollment to 3500 students in 1970.

■ As aptly stated by the trial judge, formal designation of the establishment as an education center or extension of the existing university is not controlling. See Jones v. State Board of Education, supra. The establishment's true status must be determined by appraising its salient features.

As we view it, The Education Center is a permanent educational establishment located on State Board of Education land, operated with state facilities, and sustained by state appropriations. It is state controlled and administered. The Center offers broad-ranged curricula, leading in some instances to terminal degrees. Moreover, it is located in a parish other than that designated for the location of the University of Southwestern Louisiana.

■ It is true, as contended by the State Board, that the establishment lacks perfect autonomy, for the President of the University is interposed between it and the State Board of Education. But this factor alone does not destroy the institutional design. A similar administrative intervention existed as to the John McNeese Junior College and Northeast Center Junior College branches of Louisiana State University considered in Jones v. State Board of Education. Yet, the Court classified them as institutions under the constitutional provision.

The Education Center, in our opinion, is an educational institution under Article IV,

Section 14 of the Louisiana Constitution, requiring legislative authorization. Hence, the resolution of the State Board of Education is abortive.

For the reasons assigned, the judgment of the district court is affirmed.