CUTRER, Judge.
The plaintiffs, J. C. Gilbert and Barbara Jane Peck Gilbert, own land in Catahoula Parish adjacent to Gambrell Lane. Acting under authority of LSA-R.S. 33:1236(5)[1], the Catahoula Parish Police Jury adopted Ordinance 4-5-76 designating all of Cata-houla Parish to be closed range with the exception of three specific areas. One of the areas excepted is a section of Gambrell Lane from its intersection at its southerly end with Louisiana Highway 15 and to the North until it reaches the North line of Section 34, TUN, R8E. In land designated closed range, livestock can only roam on land owned or leased by the owner of the livestock. In land designated open range the livestock is allowed to roam on any land located within the area. As a result, the plaintiffs are forced to maintain a fence along Gambrell Lane to keep livestock out of their planted fields. The ordinance specifically provides that no fences are required in the parish in those areas designated closed range.
The plaintiffs sought a declaratory judgment declaring the ordinance designating Gambrell Lane to be open range unconstitutional. The trial court found that the designation deprived the plaintiffs of certain property rights without due process of law and declared Ordinance 4-5-76, Section 9, Paragraph 2 designating Gambrell Lane to be open range unconstitutional.
The Catahoula Parish Police Jury appealed to this court. However, this court does not have appellate jurisdiction of this case. The Louisiana Supreme Court has exclusive appellate jurisdiction where an ordinance has been declared unconstitutional. Louisiana Constitution Article V, § 5(D).
IT IS ORDERED that this case be transferred to the Louisiana Supreme Court. All costs of this appeal and the transfer of this case to the Louisiana Supreme Court are to be assessed against the defendant-appellant. LSA-C.C.P. art. 2162; LSA-R.S. 13:4441-4442; In Re Gulf Oxygen-Welders Sup. Prof. Shar. P. & T. Agr., 291 So.2d 887 (La.App. 3rd Cir. 1974), reversed on other grounds, 297 So.2d 663 (La.1974); Derouen v. Kolb, 389 So.2d 761 (La.App. 3rd Cir. 1980).
APPEAL TRANSFERRED TO THE LOUISIANA SUPREME COURT.

. LSA-R.S. 33:1236(5) provides, in part:
“The police juries and other parish governing authorities shall have the following powers:
******
“(5) To pass all ordinances and regulations in relation to the marking, the sale, destruction of cattle in general and especially of wild cattle which are not marked and also of horses and mules; and to take any measure concerning the policing of cattle in general in all the cases not provided for by law; to fix the time in which cattle may be suffered to rove in the parishes of this state, where that custom prevails, so that such roving may not be detrimental to the crops; to determine what animals shall not be suffered to rove, and in what cases they may lawfully be killed.”