407 So.2d 1228 (1981)
J. C. GILBERT and Barbara Jane Peck Gilbert
v.
The CATAHOULA PARISH POLICE JURY.
No. 81-CA-2087.
Supreme Court of Louisiana.
December 14, 1981.
*1229 George Griffing, Jonesville, for plaintiff-appellee.
John Sturgeon, Ferriday, for defendant-appellant.
MARCUS, Justice.
J. C. Gilbert and Barbara Jane Peck Gilbert instituted this action against the Catahoula Parish Police Jury seeking a declaratory judgment decreeing section 9(2) of Catahoula Parish Ordinance No. 4-5-76[1] to be unconstitutional. The trial judge rendered judgment in favor of plaintiffs and against defendant declaring the challenged portion of the ordinance unconstitutional. Defendant appealed to the court of appeal. Since an ordinance had been declared unconstitutional, the court of appeal in accordance with La.Const. art. 5, § 5(D)(1) ordered the case transferred to this court for review under our appellate jurisdiction.[2]
The facts generally are not in dispute. On April 5, 1976, pursuant to La.R.S. 33:1236(5),[3] the Catahoula Parish Police Jury adopted Ordinance No. 4-5-76 which provides, inter alia, that an owner of livestock who permits his livestock to run, roam or be at large on any of the public highways, commons or any other land other than his own shall be guilty of a misdemeanor. The ordinance further provides that it will apply to livestock running at large in any portion of the parish except three certain described areas, only one of which is at issue in this litigation, which *1230 area is described as: "[t]hat roadway located in T11NR8E known as `Gambrell Lane' from its intersection at its southerly end with Louisiana Highway 15 to the north line of Section 34, T11NR8E." No fences are required by law within that area of the parish where livestock are prohibited from roaming at large. During the regular session of the 1975 Louisiana Legislature, Gambrell Lane, in its entirety, had been added to the list of public roads on which livestock were not allowed to roam at large;[4] however, during the next session of the legislature the following year, Gambrell Lane was removed from the list.[5] It was stipulated at trial that Mr. Gilbert advised his state senator and representative by letter that he had no objection to the removal of Gambrell Lane from the list.
Gambrell Lane is a two-lane gravel road located approximately three miles north of Sicily Island. It begins at the intersection with the east side of La. Highway 15, proceeds southeasterly for approximately one mile, turns northeasterly for about three-quarters of a mile and finally winds in a westerly direction where it rejoins Highway 15. It is a moderately traveled public road which serves as a bus route and mail route for a portion of the rural area of northeast Catahoula Parish and is about five miles long. The open range created by the exception at issue consists of the first one and one-half miles of the road. The property adjacent to this open range is owned exclusively by Mrs. Gilbert (plaintiff) and Garland Barron and his wife. The Barrons own all of the land on the north side of the road which they use for agricultural purposes. They also own two cow pastures on the south side. Positioned in between the Barrons' pastures is the property owned by Mrs. Gilbert and leased to Jerry Green. This property is used to grow soybeans or for row crop production. A large part of plaintiffs' livelihood is derived from this farm and Mr. Gilbert takes an active role in the farming operation requiring that he visit the property on practically a daily basis. Plaintiffs own no cattle.
Pursuant to the establishment of a portion of Gambrell Lane as an open range, the police jury installed three cattle guards or gaps, one across Gambrell Lane about one-quarter mile from where the open range begins, another across Gambrell Lane at the far end of the open range, and the third one across the driveway into the Gilbert property. The cattle guards or gaps have the effect of keeping the cattle off of Highway 15 and the closed range portion of Gambrell Lane and from entering the Gilbert property. Additionally, the police jury erected barbed wire fences on both the property owned by the Barrons and Mrs. Gilbert. In an effort to more adequately protect their crops from livestock damage, the Gilberts paid for the installation of an additional strand of barbed wire along the frontage of their property. The parties are required to maintain the fences. The Barrons' fence to the north of the road which protects their farming operation is well maintained but their fences to the south are in disrepair. There are openings in the fences fronting the two cow pastures owned by the Barrons and located on each side of the Gilbert property on the south side of the road which permit the Barron cattle to roam unattended between the two pastures via the open range. The Gilbert property is entirely fenced except for the driveway.
Mr. Gilbert testified that the Barron cows use the open range extensively, not only as a thoroughfare between the pastures, but also as a place to lie. The only livestock that use the open range are those owned by the Barrons or their employees. Plaintiffs complain that the designation of this portion of Gambrell Lane as an open range forces them to cross two cattle guards in order to reach their property, maintain the fence installed by the police jury, and to lose full utilization of their farmland by virtue of having to fence in their property.
Plaintiffs contend that the portion of the ordinance that creates an open range of one and one-half miles of Gambrell Lane *1231 is unconstitutional because it constitutes an unreasonable exercise of the police power vested in the police jury which deprives them of the full use and enjoyment of their property. They further argue that it is an attempt by the police jury to grant the Barrons a special or an exclusive right or privilege.
La.Const. art. 1, § 4 provides:
Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
The test to be applied in determining whether a particular ordinance is a reasonable exercise of a government's police power is whether there is a real and substantial relationship between the regulation imposed and the prevention of injury to the public or the promotion of the general welfare. City of Shreveport v. Curry, 357 So.2d 1078 (La.1978). While an ordinance is accorded a presumption of constitutionality, and the burden of proving invalidity rests with the challenging party, government does not have the unlimited authority to regulate the lives of its citizens and may only pass laws which are reasonably related to protection or promotion of a public good such as health, safety or welfare. City of Shreveport v. Curry, supra; Everhardt v. City of New Orleans, 253 La. 285, 217 So.2d 400 (1969); Hi-Lo Oil Company v. City of Crowley, 274 So.2d 757 (La.App. 3d Cir. 1973).
First, we find that the ordinance making a portion of Gambrell Lane an open range effectively deprives plaintiffs of the right to fully control, use, enjoy and protect their property. In order to reach their property from outside the open range, plaintiffs must not only traverse two cattle guards but they must also confront a potentially dangerous situation caused by the Barron cows using the road as a passage between the pastures and lying on the road. Additionally, plaintiffs must maintain a fence between their property and the open range which causes them to lose full utilization of their land by denying them unrestricted access to the entire frontage of their property from the public road (Gambrell Lane).
Further, we do not consider that these restrictions represent a reasonable exercise of the police power because we find no real and substantial relationship between the regulation imposed and the prevention of injury to the public or the promotion of the general welfare. The general provisions of Ordinance 4-5-76 prohibit an owner of livestock from permitting his livestock to roam at large in the entire parish. It even makes it a criminal offense to do so. Clearly, this reflects a judgment by the police jury that the protection and promotion of the public good are best served by making Catahoula Parish a closed range. Neither the ordinance nor the record offers any justification for the Gambrell Lane exception and we can conceive of none. By creating an open range of that portion of Gambrell Lane within the confines of the Barron property, the police jury may well have been promoting the welfare of the Barrons but not that of the public. To the contrary, making only a small portion of Gambrell Lane an open range creates a burden on the general public who travels this road regularly.
In sum, we conclude, as did the trial judge, that the plaintiffs met their burden of proving that section 9(2) of Catahoula Parish Ordinance No. 4-5-76 is unconstitutional. Hence, we affirm the judgment of the district court.

DECREE
For the reasons assigned, the judgment of the district court is affirmed.
LEMMON, J., concurs and will assign reasons.
NOTES
[1] Section 4-17(2) of art. 2, chapter 4 of the Catahoula Parish Police Jury Code of Ordinances.
[2] 404 So.2d 291 (La.App. 3d Cir. 1981).
[3] La.R.S. 33:1236(5) provides that police juries shall have the power:

To pass all ordinances and regulations in relation to the marking, the sale, destruction of cattle in general and especially of wild cattle which are not marked and also of horses and mules; and to take any measure concerning the policing of cattle in general in all the cases not provided for by law; to fix the time in which cattle may be suffered to rove in the parishes of this state, where that custom prevails, so that such roving may not be detrimental to the crops; to determine what animals shall not be suffered to rove, and in what cases they may lawfully be killed.
[4] La.Acts 1975, No. 293, § 1.
[5] La.Acts 1976, No. 280, § 1.