DENNIS, Justice.
The threshold question is whether the court of appeal properly invoked this court’s appellate jurisdiction by transferring this civil appeal to us.
Plaintiffs, New Orleans police officers, sued for an injunction prohibiting the City of New Orleans from enforcing an executive order or regulation promulgated by the superintendent of police requiring moonlighting police officers to obtain signed agreements from their secondary employers to hold the city harmless from worker’s compensation and tort liability arising from the officers’ secondary jobs, and to provide legal defense for claims against the officers arising from these jobs. After a trial, the district court rendered judgment enjoining the city and the superintendent from enforcing the executive regulation insofar as it requires secondary or special employers to execute such agreements. Defendants appealed to the court of appeal, which found that the trial court had implicitly declared the superintendent’s order or regulation unconstitutional, that the regulation declared unconstitutional was an ordinance, and that the case was “appealable to the Supreme Court [because] a law or ordinance has been declared unconstitutional.” See La. Const, art. V, § 5(D). The court of appeal issued an order transferring the case to this court.
We vacate the court of appeal order and remand the appeal to the court of appeal for its expeditious hearing and decision. The appellate jurisdiction of this court is narrowly limited by the constitution. Unless otherwise provided by the constitution, a case may be appealed to this court only if (1) a law or ordinance has been declared unconstitutional, or (2) the defendant has been convicted of a capital offense and a penalty of death actually has been imposed.- La. Const, art. V, § 5(D); State v. James, 329 So.2d 713 (La.1976); State v. Johnson, 342 So.2d 863 (La.1977); Compton v. Bertaut, 348 So.2d 78 (La.1977); Martin v. LeBoeuf, 351 So.2d 1202 (La.1977). The wording of this constitutional provision and the convention debates make it clear that an appeal of right pertaining to an ordinance may be taken only when the legislative act of a governing authority, a body which exercises the legislative functions of a political subdivision, has been declared unconstitutional. See La. Const, art. VI, §§ 10, 44(4); see also James v. Rapides Parish Police Jury, 236 La. 493, 108 So.2d 100 (1959); 6 Records La. Const.Conv. 734-35 (August 15, 1973); Hargrave, The Judiciary Article of the Louisiana Constitution of 1974, 37 La.L.Rev. 765, 799-800 (1977). The executive order or regulation promulgated by the police superintendent that the court of appeal found to have been declared unconstitutional plainly was not “a law or ordinance” within the meaning of art. V § 5(D). Consequently, this court lacks appellate jurisdiction; the defendant correctly appealed to the court of appeal which has appellate jurisdiction; and the court of appeal erred in attempting to transfer the case.
The court of appeal order is vacated and the case is remanded to the court of appeal for expeditious hearing and decision.
VACATED; REMANDED.