491 So.2d 399 (1986)
BOARD OF REGENTS, State of Louisiana
v.
The BOARD OF TRUSTEES FOR STATE COLLEGES AND UNIVERSITIES.
No. CA 84 1008.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
Writ Denied October 10, 1986.
Mack E. Barham, New Orleans, for plaintiff-appellee Bd. of Regents, State of La.
W.S. McKenzie, Baton Rouge, for intervenor-appellee and amicus curiae Bd. of Sup'rs of Louisiana State University and Agr. and Mechanical College.
Nelson J. Schexnayder, Jr., Lafayette, for amicus curiae.
Winston G. DeCuir, Baton Rouge, Bob F. Wright, LaFayette, for defendant-appellant Bd. of Trustees for State Colleges and Universities.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
The Board of Regents, hereafter "Regents," a Constitutional agency of the state, sued the Board of Trustees for State Colleges and Universities, hereafter "Trustees," another Constitutional agency of the state, all members of the Trustees, the Trustees' Executive Director and Secretary, and the University of Southwestern Louisiana, to nullify the April 27, 1984 motion changing the University's name. The district court issued a temporary restraining order on May 10, 1984 and, after a hearing on the suit for declaratory judgment and permanent injunction, declared the name change action of the Trustees *400 unconstitutional. Defendants appealed the judgment rendered on May 22 and signed May 24, 1985, asserting that Article 5, Section 10(A)(1) confers appellate jurisdiction on us. The Regents filed a motion to dismiss this appeal because the Regents believed the enactment of Act 656 of 1984, effective September 3, 1984, rendered moot the issues raised by the Trustees' appeal. The Regents' motion was denied. 460 So.2d 80 (La.App. 1st Cir.1984).

FACTS
The Trustees, at a regularly scheduled meeting held on April 27, 1984, adopted a motion to change the name of the University of Southwestern Louisiana to the University of Louisiana. The Trustees "don't operate ... by resolution, as some of the other boards do, but ... there was a motion, a second, and the Board approved the moved action."[1]

DISTRICT COURT PROCEEDINGS
The trial court declared "the action of the [Trustees] ... at its meeting of April 27, 1984, to change the name of the University of Southwestern Louisiana to the University of Louisiana ... to be an action not within the powers vested in the ... Trustees by the Constitution and laws of ... Louisiana, and therefore the ... action is hereby declared to be null and void and without effect" and enjoined defendants, collectively and individually, from using the name "University of Louisiana" to identify the University of Southwestern Louisiana. The trial judge assigned extensive oral reasons for his judgment and held, in pertinent part, as follows:
This Court finds that the Constitution, in using the words "supervision and management" and statutes using the words "supervision and management," do not entail the right to change the name of a state university. Inasmuch as the Constitution has not given those powers to the Board of Trustees, Board of Regents, or any other board that I can find, then those powers are vested in the Legislature.
... I ... declare that neither the Board of Trustees nor the Board of Regents, but only the Legislature, has the authority to change the name of a state university.

APPELLATE JURISDICTION
On November 19, 1985 we ordered this case transferred to the Supreme Court of Louisiana after holding that we lacked appellate jurisdiction, (479 So.2d 931 (La.App. 1st Cir.1985), and that
"... The Louisiana Supreme Court has exclusive appellate jurisdiction because the Trustees' April 27, 1984 motion changing the name of the University of Southwestern Louisiana to the "University of Louisiana," impliedly declared unconstitutional by the District Court, is an "ordinance" for [La. Const. of 1974,] Article 5, section 5(D)(1) purposes."
479 So.2d at 939.
We based our holding on a thorough analysis of the Records of the Constitutional Convention of 1973, including Convention Transcripts and Committee Documents, as well as Melancon v. State Board of Education, 249 La. 604, 188 So.2d 419 (1966). The Supreme Court granted certiorari and simultaneously ordered the matter "remanded to the Court of Appeal, which has jurisdiction unless a statute or ordinance has been declared unconstitutional." 481 So.2d 621 (La. 1986). (Emphasis supplied.)
The terseness of our Supreme Court's "reasons" for remanding leaves us in a quandary as to the current validity of Melancon v. State Board of Education and the often stated rule of interpretation, set out in New Orleans Firefighters Association v. Civil Service Commission of the City of New Orleans, 422 So.2d 402 (La. 1982), written by Justice Dennis, who was a delegate to the Constitutional Convention and a member of the Judicial Committee, as follows:

*401 ... [P]roceedings in the convention which drafted the instrument are valuable aids, and should be given some weight, in determining the purpose, intent, and consequent meaning of provisions for those who find them doubtful.
422 So.2d at 407.
Having stated our position regarding appellate jurisdiction with as much precision as we thought possible and that position having been rejected by our Supreme Court, we now proceed, with equanimity, to decide the matter on the merits.

ISSUES
The principal issue presented in this appeal is whether the Trustees' action of changing the name of the University of Southwestern Louisiana was authorized either by the Constitution of 1974 or any statute. The secondary issue is whether the Louisiana Legislature is vested with the exclusive authority to change the name of a state university or college.
THE NAME CHANGE
What's in a name? That which we call a rose By any other name would smell as sweet.
Shakespeare, Romeo and Juliet, Act II, scene ii, line 43.
Counsel for Trustees argues that:
Changing the name of USL is merely a management decision by a management board concerning an institution which it manages.
Changing the name of an institution is an internal decision by the Board of Trustees regarding the system of colleges and universities under their (sic) supervision and management.
and
The changing of the name of a university under the exclusive and unqualified administrative and management authority of the Board of Trustees is a management decision which can be made without legislative consent or approval.
Not altogether surprising, the Regents argue that "[t]he uncontroverted evidence (and indeed, any reasonable analysis of the implications of the names of universities) indicates clearly that the power of institutional naming is a matter of public policy, not internal management." Regents argue further that
... [T]he name of each ... institution identifies the role of that institution.... [Regents] cannot emphasize too strongly... that, should this Court determine that the naming of a university is within the Trustees' function to administer the day-to-day affairs of the institutions under its authority, there is nothing to prevent the three management boards from adopting duplicative and misleading names for any or all institutions of higher education under their management. Anarchy could result as the various management boards, and the institutions themselves, scramble to implement the names they feel would most benefit them in the eyes of the public.
The Trustees rely on La. Const. of 1974, Art. VIII § 6(A), as its authority for changing the name of the university in Lafayette. We have studied the language of that Article and the debates of the Constitutional Convention relating to all the education management boards and nothing we have read supports Trustees' argument. We agree with the district judge's reasons for judgment and holding, stated in pertinent part, below:
... Inasmuch as the Constitution has not given those powers [to change the name of a state university] to the Board of Trustees, Board of Regents, or any other board ..., then those powers are vested in the Legislature.
... I ... declare that neither the Board of Trustees nor the Board of Regents, but only the Legislature, has the authority to change the name of a state university.
For the foregoing reasons, the judgment of the district court is affirmed. Costs in the amount of $1,611.18 are assessed against defendant-appellant, Board of Trustees for State Colleges and Universities. *402 La.C.C.P. art. 2164; La.R.S. 13:5112(A).
AFFIRMED.
LANIER and EDWARDS, JJ., concur in the result.
NOTES
[1] Record, Vol. 2, p. 124, Testimony of the Trustees' Executive Director/Secretary.