Dear Mr. Aymond:
You have requested the opinion of this office to determine whether the Rapides Parish Waterworks District No. 3 may sell immovable property pursuant to the procedure set forth in R.S.33:4712 by adopting a resolution instead of an ordinance. You have advised that the Waterworks District does not have the authority to adopt ordinances, but it does have the authority to adopt resolutions.
A parish waterworks district is a corporate political subdivision of the State created under the authority of the Legislature, which has expressly authorized the various parishes of the State (through their respective police juries, as the governing authority of the parish) to create Water Districts. La. R.S. 33:3811.
Although there are statutory provisions governing the sale of immovable property by municipalities and parishes, this office is unaware of any specific provisions regarding sales by special service districts such as the Waterworks District. However, the Louisiana courts have held that corporate political subdivisions of the state have the authority and a duty to sell excess real property, and that it is not necessary for the legislature to say so in a special enactment. Alexis v. Kare-Sue, Inc.,187 So.2d 476 (La.App. 4th Cir. 1966). The Alexis court reasoned that Water District No. 1 of St. Bernard Parish was properly created under the authority of the Legislature and was thereby vested with broad powers and authority to sell its idle land with "full and complete legal authority and capacity."
In our opinion, it would be prudent for the Waterworks District, created by the police jury, to adhere as closely as possible to the sale provisions applicable to parishes. This office has previously determined that police juries authorized by R.S.33:4711 to sell surplus property can do so in accordance with the procedures applicable to municipalities as set forth in R.S.33:4712. Op. Atty. Gen. Jan. 15, 1973.
La. R.S. 33:4712 provides, in pertinent part, as follows:
Section 4712. Sale, exchange, or lease of property by a municipality
 A. A municipality may sell, lease for a term of up to ninety-nine years, exchange, or otherwise dispose of, to or with other political corporations of this state, or private persons, at public or private sale, any property, or portions thereof, including real property, which is, in the opinion of the governing authority, not needed for public purposes.
 B. Before disposition can be made of property under the provisions of this Sub-part, an ordinance must be introduced, giving the reasons for the action on the part of the governing authority, and fixing the minimum price and terms of the sale, lease, exchange or other contract to be made with reference to the property. (Emphasis added.)
Generally, the word "ordinance" is understood to mean a "legislative act", but this is not necessarily so in all cases. "`[O]rdinance' is often used as a general term which encompasses all of the acts of municipal board or council whether administrative or legislative in nature". Chapman v. Bordelon,138 So.2d 2 (La. 1962). See also: Melancon v. State Board of Education, 188 So.2d 419 (La. 1966).
The underlying purpose for requiring an ordinance under R.S.33:4712 is to notify citizens of the action to be taken and to afford them the opportunity to oppose the adoption of such ordinance for whatever reasons. Notice to sell land is required because property devoted to public use by its very nature is held and owned by a political subdivision in trust for the use and benefit of its citizens. In our opinion, the Waterworks District can accomplish the notification requirements of this provision by adopting a resolution. The resolution should then be advertised in the manner required for parish ordinances, as well as in accordance with the Waterworks District's customary procedures. In summary, it is our opinion that the Waterworks District may follow the procedures set forth in R.S. 33:4712 for the sale of immovable property, and that it may adopt a resolution instead of an ordinance for the sale of the land. The Waterworks District should, to the extent possible, follow all notice and publication requirements imposed on police juries.
We trust that this answers your inquiry. Please advise if we can be of further assistance in this matter.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
RPI/GRD:jav 0656l