Dear Dr. Crain:
Several weeks ago, you requested that this office respond to a request for information. A letter was issued to you dated September 22, 1995 concerning whether the Board of Elementary and Secondary Education, hereinafter BESE, has the authority to change the designation of its "technical institutes" to "technical colleges".
You have subsequently requested an Attorney General's Opinion addressing the same legal issue. This office has again researched this issue and maintains its views previously expressed. For the sake of convenience, we will restate our research in this opinion.
As you are aware, in 1984 the Board of Trustees for State Colleges and Universities, hereinafter "Trustees", adopted a resolution to change the name of the University of Southwestern Louisiana (USL) to the University of Louisiana. The Board of Regents filed suit. Trustees alleged they possessed the authority for such a change under the Louisiana Constitution of 1974, Article VIII, § 6(A), under which Trustees has the authority for the "supervision and management of state colleges and universities" not otherwise managed by a separate board.
The First Circuit Court of Appeals responded that it "studied the language of that Article and the debates of the Constitutional Convention relating to all the education management boards and nothing we have read supports Trustees' argument". Regentsv. Trustees, 491 So.2d 399, 401 (1st Cir. 1986), writ denied494 So.2d 1176 (1986). The Court went on to hold that in the absence of a constitutional grant of such authority, it remained with the legislature. Regents, supra at 401.
BESE has the constitutional authority to "supervise and control the public elementary and secondary schools, vocational-technical training and special schools under its jurisdiction — all as provided by law". La. Const. of 1974, Article VIII, §3(A). The authority to "supervise and control" confers no greater constitutional power to change the designation of a system, than the authority to "supervise and manage" conferred to change the name of a particular institution.
The legislature does possess the power to, by statute, convey all or part of its authority in this area. In 1984, it did this by passage of La. R.S. 49:1101, which states:
 "A. Except as designated by the Constitution of Louisiana or as provided in R.S. 49:215(E) or Subsection B of this Section, no statutory entity, as defined in R.S. 49:190, or "agency", "department, or "office", as defined in R.S. 36:3, or budget unit, as that term is used in Part II of Chapter 1 of Subtitle I of Title 39 of the Louisiana Revised Statutes of 1950, shall be named or renamed except by a law enacted by the legislature. Organizational units of the executive branch of state government shall be designated by terminology as provided in R.S. 36:9.
 B. The powers, duties, and responsibilities of the Board of Regents for all public higher education pursuant to Article VIII, Section 5 of the Constitution of Louisiana shall include the power and authority to name or rename institutions of public higher education.
 C. Any contrary action taken by any management board of higher education notwithstanding, the names of the public institutions of higher education in the state of Louisiana shall be, on the effective date of this Section as provided by the legislature in R.S. 17:3215
through 17:3217. Prior to naming any newly-created or renaming any existing institution of public education, the Board of Regents shall obtain legislative approval of any proposed name or name change by concurrent resolution adopted by a vote of at least a majority of the membership of each house of the legislature."
Subsection A of the above statute, with noted exceptions, pertains to, inter alia, any agency as defined in La. R.S. 36:3, which states:
 "Agency" means and includes the boards, commissions, departments, agencies, offices, officers, and other instrumentalities, or any or all of these, within the executive branch of state government which are abolished by this Title or which are transferred and placed within departments of the state government created and established or continued by this Title or transferred to and placed within the office of the governor as provided by this Title."
Title 36 later transferred a list of "agencies" into the Department of Education including the vocational-technical schools, to be governed as provided by the constitution and laws of this state. La. R.S. 36:651(I). Therefore, the vocational-technical school system is an "agency" within the meaning of La. R.S. 49:1101(A).
Subsection A of the statute above provides that the legislature retains its authority to name or rename, "except as designated by the Constitution of Louisiana or as provided in R.S. 49:215(E) or Subsection B of this section." As mentioned above, the constitution does not confer upon BESE the authority to take the action at issue. Moreover, neither of the other two statutory exceptions are applicable to the name change. Therefore, the legislature expressly retains the authority to name or rename the system at issue.
Furthermore, the legislature has on occasion exercised this authority. For example, R.S. 17:1994.1 adopted by Act 970 of 1991 renamed the Memorial Area Vocational School and the J.E. Jumonville, Sr. Technical Institute as the Jumonville-Memorial Technical Institute. Also Act 132 of 1992 renamed the Lake Providence Branch of Tallulah Technical Institute as the Margaret Surles Branch Technical Institute.
In conclusion, it is the opinion of this office that the legislature retains its authority to name or rename the system at issue, in the absence of a constitutional or statutory delegation of authority.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KENNETH C. DEJEAN
General Counsel
RPI/KCD:gbe
Date Received:
Date Released: October 11, 1995
Kenneth C. DeJean General Counsel