McBRIDE, Judge.
This suit is a disavowal of the paternity of two children born in New Orleans to plaintiff’s wife, their respective ages being 14 and 13. Suit is brought pursuant to R.C.C. art. 191, which, under certain conditions, allows a man to disavow the paternity of a child of his wife born during the marriage. The curator ad hoc for the children filed an exception of prescription “under Art. 191 of the Civil Code” which was maintained and plaintiff’s suit dismissed; plaintiff appealed.
From the meager allegations of the petition, which must be deemed true for the purpose of passing on the exception, the husband and wife were married in New Orleans in 1939 but lived separate and apart thereafter; the children were bom of an adulterous union between the wife and a named man; the wife’s pregnancies and the births were concealed from plaintiff, who only learned of the children’s existence December 2, 1964, upon being served with a notice to appear in Juvenile Court for nonsupport.
It does not appear from the petition whether plaintiff was living in New Orleans when the children were born; neither does it appear whether he was an absentee before, at or after the births, nor is there any allegation as to his return to New Orleans, if as a matter of fact he was ever absent.
R.C.C. art. 191 reads:
“In all the cases above enumerated, where the presumption of paternity ceases, the father, if he intends to dispute the legitimacy of the child, must do it within one month, if he be in the place where the child is born, or within two months after his return, if he be absent at that time, or within two *267 months after the discovery of the fraud, if the birth of the child was concealed from him, or he shall be barred from making any objection to the legitimacy of such child.”
The exception should not have been maintained; the husband alleges the births were concealed, and while it is incongruous that such concealment could hold good for so protracted a period as fourteen years, nevertheless, the allegation of such concealment is made. The suit was brought within two months after plaintiff alleges he learned of the concealment. Therefore, this disavowal suit was timely.
For the reasons assigned, the judgment appealed from is reversed, the exception is overruled, and the matter remanded to the trial court for further proceedings in accordance with law. Plaintiff is cast for the costs of appeal; all other costs to await a final determination of the matter.
Reversed and remanded.