COVINGTON, Judge.
This is an appeal by the State of Louisiana, through the Division of Administration, from a judgment of the District Court homologating, confirming and making the judgment of the Court the award of the arbitrators in the matter of the arbitration of L.W. Eaton Construction Company, Inc. and the State of Louisiana, Case No. 71-10-0125-78, American Arbitration Association. The Court further entered judgment in favor of Eaton and against the State in the amount of $5,770,000.00 in accordance with the award, with legal interest; declared that the Louisiana State University School of Veterinary Medicine was “substantially complete” as of October 4, 1977; cast the State with all administrative fees and expenses and all costs of the proceedings; and denied the counterclaims or reconventional demands of the State. The judgment also denied the State’s motion to stay and overruled its plea of prematurity.
The instant appeal arises out of the proceeding instituted by Eaton to confirm the arbitration award pursuant to LSA-R.S. 9:4209. The State filed, in response, a pleading styled “Motion for Stay and, Alternatively for an Exception of Prematurity.” Thereafter, the State filed a pleading entitled “Notice of Motion to Vacate.” Only the State’s request for a stay order is presented for review on this appeal.
Since the appeal was taken, this Court, in the matter of “State of Louisiana, through the Office of the Governor, Division of Administration and the Facility Planning and Control Department versus L.W. Eaton Construction Company, Inc., et al.,” Numbers 13,284 and 13,835 on the docket of this Court, decided October 6, 1980, has affirmed the judgment of the District Court, which upheld the validity of the contract for the construction of the School of Veterinary Medicine on the Louisiana State University campus in Baton Rouge and refusing to grant the State injunctive relief against the arbitration proceedings instituted by L.W. Eaton Construction Company, Inc., after construction of the school was completed. In affirming the judgment, this court found that “there was no material departure in the contract from the plans and specifications upon which the bids were submitted. The minor change in the type of steel allowed to be used on the job resulted in no favoritism to one contractor over the other and did nothing to defeat the purpose of the law requiring contracts to be let upon bids submitted according to advertised specifications.”[1]
In view of this finding that the contract was valid, no purpose would be served by granting the State’s motion to stay arbitration until a judicial determination of the existence of a valid contract could be made. We are unable to grant the requested relief to the State, since the question presented is now moot. A matter is considered moot in a case when the rendi *590 tion of the judgment can have no practical legal effect upon the existing controversy. It is well established that courts will not rule on questions which become moot since the decree will render no useful purpose and give no practical relief. Cook v. Cook, 320 So.2d 612 (La.App. 4 Cir. 1975), writ denied, 323 So.2d 477 (La.1975). It is equally well-founded that moot questions will not be considered on appeal. State ex rel. Guste v. Louisiana Milk Commission, 297 So.2d 750 (La.App. 1 Cir. 1974). In view of this Court’s finding that the contract in question was valid, the issue of a stay order until determination of its validity is no longer viable. Since the matter before us has become moot, we must dismiss the appeal.
For the above and foregoing reasons, the appeal is dismissed. Costs of this appeal are assessed against the State in the amount of $105.91.
APPEAL DISMISSED.

. This matter was before this Court previously on Eaton’s Motion to Dismiss. The motion to dismiss was denied because the arbitration was not finally complete at that time, and it was then still possible for the State to obtain the relief it sought in the Court of Appeal.