SHORTESS, Judge.
Louisiana National Bank of Baton Rouge (appellant) obtained a judgment in the Twenty-Third Judicial District Court, Ascension Parish, against Mechanical Industrial Technicians, Inc., Swepson C. Chaney, and Malcolm E. Bunch (appellee). Subsequently, appellant filed in the Twenty-First Judicial District Court, Livingston Parish, a suit to make its judgment from the Twenty-Third Judicial District Court executory. A writ of fieri facias was issued pursuant to this judgment, commanding Odom Graves, Sheriff of Livingston Parish, to seize property owned by appellee sufficient to satisfy appellant’s judgment. On January 18,1982, the Sheriff seized certain immovable property owned by appellee. A mobile home titled in appellee’s name was located on the *1170 property when it was seized. Subsequently, on March 19,1982, the owner’s name on the certificate of registration for the mobile home (required by the Louisiana Department of Public Safety) was changed to David Bunch, appellee’s son.
A sheriff’s sale was scheduled for March 24, 1982, at 10:00 a.m. On the day of the sale, at 8:28 a.m., June B. Bunch, appellee’s wife, filed a declaration of homestead, wherein she declared that she and her husband were entitled to claim the homestead exemption on the property seized, and designated the property as a family home, pursuant to La.R.S. 9:2802 (now repealed). The sale proceeded, but the Sheriff refused to sell the mobile home and sold only the property itself. After the sale was completed, the Sheriff was directed by his counsel to hold the proceeds, amounting to $42,-100.00, pending an adjudication of the respective claims.
Following the sale, the Sheriff filed con-cursus proceedings to require the bank and appellee to assert their respective claims to the funds realized from the sheriff’s sale. After a hearing, the trial court held that appellee and his wife were entitled to the exemption and ordered that $15,000.00 of the proceeds, plus interest, be paid to them.[1] Appellant perfected this suspensive appeal.
Our review of this record reveals that this appeal has been rendered moot by a subsequent disbursement of the $15,000.00 by the Sheriff to appellee on August 4, 1982, allegedly in compliance with La.R.S. 20:1. Appellee, in responding to appellant’s claim that his discharge in bankruptcy should be revoked, made part of this record the following admission:
“Defendant admits the allegation that he received Fifteen Thousand No/100 ($15,000.00) Dollars from Odom Graves, Sheriff Livingston Parish, Louisiana, on or about August 4, 1982 for homestead exemption under Louisiana R.S. 20:1 and Louisiana Constitution of 1974, Article 12, Section 9, and denies the remaining allegations contained in Paragraph 3a of said complaint.”
Louisiana Code Civil Procedure article 4651 defines a concursus proceeding and provides in pertinent part:
“A concursus proceeding is one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding.”
The sheriff’s petition for a concursus sought a judicial determination of the merits of the conflicting claims of the parties and an order to disburse the proceeds accordingly. On April 7, 1982, he deposited the disputed funds into the registry of the court. Judgment was signed on July 28, 1982, ordering the Sheriff to pay $15,000.00 of the proceeds to the Bunch’s in satisfaction of the homestead exemption. Notice of judgment was sent August 5,1982, and on August 30, appellant took this suspensive appeal. However, on August 4, 1982, the Sheriff paid to appellee the disputed $15,000.00. When this disbursement was made, it rendered moot the issue of proper distribution presented by the concursus.[2] This court will not rule on a question of law which becomes moot, as our decree would serve no useful purpose and give no practical relief. Robin v. Concerned Citizens, St. Bernard, Inc., 384 So.2d 405 (La.1980); and L.W. Eaton Const. Co., Inc. v. State, Etc., 398 So.2d 588 (La.App. 1st Cir.1980).
For the foregoing reasons, this appeal is dismissed at the Sheriff’s costs.
APPEAL DISMISSED.

. June B. Bunch was not named as an original defendant in this suit. The trial court named June Bunch as a defendant and further ordered that the $15,000.00 be paid to both Malcolm and June Bunch. The judgment also awarded the Sheriff $500.00 in attorney’s fees and ordered that all costs of the litigation and sheriff’s sale be deducted from the proceeds. The remaining amount was awarded to appellant. Since it is not an issue, we express no opinion as to the validity of the trial court’s inclusion of June Bunch in its judgment.

. We do not have properly before us the issue of the validity of the Sheriff’s action in disbursing the funds on August 4, 1982, which is outside the scope of this concursus.