460 So.2d 80 (1984)
BOARD OF REGENTS, STATE OF LOUISIANA
v.
The BOARD OF TRUSTEES FOR STATE COLLEGES AND UNIVERSITIES, et al.
No. 84-CA-1008.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Mack E. Barham, New Orleans, for plaintiff-appellee Board of Regents, State of Louisiana.
W.S. McKenzie, Baton Rouge, for intervenor-appellee Board of Supervisonrs of Louisiana State University and Agricultural & Mechanical College.
Winston G. Decuir, Baton Rouge, Bob F. Wright, Lafayette, for defendant-appellant Board of Trustees for State Colleges and Universities.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON[*], JJ.
*81 JOHN S. COVINGTON, Judge Pro Tempore:
Plaintiff-appellee, Board of Regents, State of Louisiana, filed a motion to dismiss this appeal on grounds that the issue has become moot, and this Court issued a rule to show cause why the appeal should not be dismissed.
The suit which forms the basis of this appeal arose as a result of an April 27, 1984, meeting of the Board of Trustees for State Colleges and Universities, (hereinafter referred to as the Board of Trustees) at which meeting a resolution was approved to change the name of the University of Southwestern Louisiana ("USL") to that of the University of Louisiana ("UL"). The Board of Regents filed suit on May 10, 1984, to enjoin defendants, the Board of Trustees, the University of Southwestern Louisiana (sic) University of Louisiana, et al., from implementing the resolution and further sought declaratory judgment that defendants' actions were illegal in that a name change required prior approval of the Board of Regents. A temporary restraining order was issued on May 10, 1984. By stipulation of the parties, the hearing on plaintiff's request for a preliminary injunction was consolidated with the hearing on the permanent injunction and the request for a declaratory judgment, and that hearing was held on May 22, 1984. The trial court rendered judgment May 24, 1984, declaring the Board of Trustees' action of changing the name of USL null and void and without effect and enjoining the defendants from taking any action in implementing the name change and from using the name of UL in any manner to identify USL. An amended judgment, signed the same date, further declared that the Board of Trustees is not vested with constitutional or statutory power to change or require the Board of Regents' approval of any change in the name of a state college or university and that the power and authority to change the name of USL is vested in the Louisiana Legislature.
Plaintiff-appellee's motion to dismiss the appeal is based upon its contention that the subsequent enactment of Act 656 of the 1984 Regular Session of the Legislature[1] has rendered consideration of the appeal moot.
The basis for the trial court's judgment is determinative of the mootness issue, because that judgment involved a question, essentially one of constitutional interpretation, as to the authority of the Board of Trustees and Board of Regents, both of which are constitutionally created bodies.[2] The trial court's decision pivots on its interpretation of provisions relating to the authority of the Board of Trustees contained in Article VIII, Section 6 of the Louisiana Constitution and provisions relating to the authority of the Board of Regents contained in Article VIII, Section 5 of the Louisiana Constitution.
A matter is considered moot when the rendition of the judgment can have no practical legal effect upon the existing controversy. L.W. Eaton Construction Company, Inc. v. State, through the Division of Administration, 398 So.2d 588 (La.App. 1st Cir.1980). The court will not rule on a *82 question of law which becomes moot since the decree would serve no useful purpose and give no practical relief. Graves v. Louisiana National Bank of Baton Rouge, 434 So.2d 1169 (La.App. 1st Cir. 1983.).
Under the facts of the instant appeal, the subsequent enactment of a statute, Act 656 of 1984, cannot be said to render the issue on appeal moot, because the judgment from which the appeal is sought was founded upon the interpretation of constitutional provisions by the trial court. This conclusion must follow, based upon the fundamental and well-established distinction between constitutional and statutory law. In State v. Smith, 209 La. 363, 24 So.2d 617 (1945), the Supreme Court, in recognition of that distinction, stated that "the constitution is the paramount law, to which all other laws must yield, and its provisions must prevail over an act of the Legislature which is in conflict therewith."
Assuming arguendo that the trial court's judgment in the instant appeal had rested solely on its interpretation of statutory provisions, then the subsequent enactment of Act 656 of 1984 could quite possibly have resolved the issue on appeal, making the appeal moot, because under such an hypothesis the laws being subjected to interpretation as well as the subsequently enacted statute would have been of equal dignity. Under the circumstances of the instant appeal, the law interpreted by the trial court and Act 656 of 1984 are of unequal dignity. Thus, the issue on appeal, whether or not the Board of Trustees possessed the constitutional authority to change the name of USL to UL, cannot be rendered moot by the enactment of an inferior statutory law, Act 656 of 1984.[3] The legislature cannot by legislative act repeal, usurp or alter constitutional provisions. See Board of Elementary and Secondary Education v. Nix, 347 So.2d 147 (La. 1977).
For the foregoing reasons, the motion to dismiss this appeal is denied.
MOTION DENIED.
NOTES
[*] Judge John S. Covington of the 19th Judicial District Court has been duly elected to this court; that term begins on January 1, 1985. In the interim, the Supreme Court has appointed him to this court pro tempore.
[1] Act 656 of the 1984 Regular Session provides, inter alia, that the powers, duties and responsibilities of the Board of Regents shall include the power and authority to name or rename institutions of public higher education. The Act further provides that any contrary action taken by any management board of higher education notwithstanding, that the names of the public institutions of higher education in this state shall be, on the effective date of this Act, as provided in R.S. 17:3215-R.S. 17:3217. The Act further requires the Board of Regents to obtain legislative approval prior to naming or renaming any institution of public education. Act 656 became effective September 3, 1984, in accordance with Article III, Section 19 of the Louisiana Constitution of 1974 i.e. the sixtieth day after final adjournment, since the Act did not specify an earlier or later effective date.
[2] It is interesting to note that even plaintiff-appellee conceded this in its memorandum submitted to this Court, in support of its motion to dismiss the appeal. That concession appears at page 3 of said memorandum, as follows: "Both the Board of Regents and the Board of Trustees are constitutionally created bodies, and the question before the trial court was essentially one of constitutional interpretation."
[3] The discussion of Act 656 of 1984 herein relates solely to the issue presently before the Court, whether or not to grant or deny the motion to dismiss the appeal. In no way does the discussion herein relate to whether or to what extent Act 656 of 1984 shall have effect with respect to the facts of the case on appeal; that matter not being presently before the Court will be properly addressed only on consideration of the merits of the appeal.