594 So.2d 958 (1992)
POINTE COUPEE SHELL & LIMESTONE, INC., Plaintiff-Appellee,
v.
MAR-LEN OF LOUISIANA, INC. et al., Defendant-Appellant.
No. 90-820.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
*959 Thibaut & Thibaut, Joseph M. Thibaut, New Roads, James T. Genovese, Opelousas, for plaintiff-appellee.
Richard Mary, Baton Rouge, for defendant-appellant.
Allen R. Boudreaux, Baton Rouge, for defendant.
Michael A. Patterson, Baton Rouge, for Theriot.
Morrow & Morrow, Jeffrey M. Bassett, Opelousas, for Town of Melville.
Before DOUCET, YELVERTON, and KNOLL, JJ.
KNOLL, Judge.
Mar-Len of Louisiana, Inc. (hereafter Mar-Len)[1] appeals the dismissal of its third-party demand against Alex Theriot, Jr. and Alex Theriot, Jr. and Associates, Inc. (hereafter Theriot) on a peremptory exception of prescription.
On May 31, 1983, the town of Melville contracted with Mar-Len to construct a sewage collection system for the town. Prior to that time, Melville contracted with Theriot to prepare the engineering plans and specifications for the project; the contract between Melville and Theriot is not part of the record and the date of this contract is not mentioned in any of the pleadings. Mar-Len failed to perform according to the obligations provided in its contract, and was terminated by Melville on October 10, 1985.
On April 14, 1986, Pointe Coupee Shell and Limestone, Inc. (hereafter Pointe Coupee), a material supplier, filed suit against Mar-Len, Melville, and Safeco, Mar-Len's surety, to enforce a lien for $15,922.02, the cost of the materials furnished by it for the project.
On June 28, 1988, Mar-Len filed a third-party demand against Melville and Theriot. On May 12, 1989, Pointe Coupee obtained a summary judgment against Mar-Len and Safeco for $15,922.02.
Theriot filed a peremptory exception of prescription in the third-party demand against it on August 25, 1989. After a hearing in which neither Mar-Len nor Safeco appeared, the trial court granted Theriot's peremptory exception of prescription.
This appeal was then brought by Mar-Len, contending that the trial court erred in sustaining the peremptory exception of prescription because: (1) the prescriptive period for any action against Theriot was interrupted by ongoing litigation between Melville and Mar-Len, since Melville and Theriot were solidary obligors; and, (2) the running of prescription did not begin to accrue against Mar-Len until an arbitration award was rendered between Melville and Mar-Len.
In its third-party demand, Mar-Len alleged that Melville and Theriot were solidarily liable because of Theriot's negligence in inspecting the project, in negligently failing to issue change orders during construction, and in negligently preparing the engineering plans and specifications.
Although our research has not uncovered jurisprudence which sets out the obligations between an engineer and a contractor, between whom there is no privity of contract, we find the case of M.J. Womack, Inc. v. State House of Rep., 509 So.2d *960 62 (La.App. 1st Cir.1987), writ denied, 513 So.2d 1208, 1211 (La.1987), illustrative of a parallel relationship. In Womack, our brethren of the First Circuit stated that an architect acts as the agent of the owner of the project when he supervises the project and is an independent contractor when he only prepares the plans and specifications. We find the same analysis applicable to engineers.
In the case sub judice, Mar-Len has alleged sufficient facts to establish that Theriot acted as a supervisor of the project, and was thus an agent of Melville. For the purposes of passing on an exception of prescription, allegations of a petitioner must be assumed to be true unless controverted. Kennedy v. Kennedy, 181 So.2d 266 (La.App. 4th Cir.1966), writ refused, 248 La. 1035, 183 So.2d 654 (1966); Pearson v. Hartford Accident & Indemnity Company, 281 So.2d 724 (La.1973). Theriot's agency status is not controverted. Accordingly, Mar-Len argues that since agents and their principals are vicariously liable, then the timely filing of a legal action against Melville in a related matter interrupted prescription as it related to Theriot.
LSA-C.C.Art. 3492 provides that liberative prescription of one year commences from the day injury is sustained. Interpretative jurisprudence states, however, that it is not required that the loss should have been already suffered, but it is sufficient that a loss is going to be suffered or is sure to result. Rayne State Bank & Trust v. Nat. U. Fire Ins., 483 So.2d 987 (La.1986). Applying the law to the present case, we find that prescription began on October 10, 1985, the date that the contract between Mar-Len and Melville was terminated. On that date Mar-Len was aware of any loss sustained and had one year to commence litigation against the party or parties it thought caused it damages.
The party pleading prescription bears the burden of proof. Mangham v. B. & C. Wood Co., Inc., 561 So.2d 822 (La.App. 2nd Cir.1990), writ denied, 566 So.2d 984 (La. 1990). Once the moving party has shown that the prescriptive period has run, the burden of proof shifts to the party opposing the exception to show interruption or suspension of prescription. Williams v. American Family Mut. Ins., 520 So.2d 1082 (La.App. 3rd Cir.1987).
Having found that prescription began on October 10, 1985, we find that Mar-Len's action against Theriot filed on June 28, 1988, was clearly prescribed. The burden thus shifted to Mar-Len to show interruption or suspension of prescription.
After carefully reviewing the record, we find no evidence to support the arguments asserted by Mar-Len in this appeal. In the first instance, Mar-Len contended in brief that ongoing litigation between it and Melville precluded the tolling of prescription. No evidence of such ongoing litigation appears in the record, and none was alleged in the pleadings. Likewise, in its next argument, Mar-Len contends that prescription did not begin to accrue against it until the arbitration award between Melville and it was rendered. In assessing this contention, we find no evidence in the record of the date on which the arbitration judgment was rendered, and no pleading which alleges such a date. Therefore, we find no evidence to support either argument Mar-Len raised on appeal.
Finally, we note that Theriot answered the appeal, seeking damages from Mar-Len for a frivolous appeal.
Damages are typically awarded for a frivolous appeal when there are no serious legal questions, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant's counsel does not seriously believe in the position he advocates. Salmon v. Hodges, 398 So.2d 548 (La.App. 1st Cir.1979).
In the case sub judice, Mar-Len filed no opposition to Theriot's peremptory exception of prescription, and did not appear to oppose the exception when it was heard in the trial court. Moreover, as pointed out hereinabove, the record is void of evidence which supports the allegations raised in appellate brief.
*961 Based on these facts, we find this appeal constitutes a frivolous appeal and award $1200 as damages against Mar-Len for this frivolous appeal.
For the foregoing reasons, we affirm the judgment of the trial court, and condemn Mar-Len of Louisiana, Inc. to pay damages of $1200 to Alex Theriot, Jr. and Alex Theriot, Jr. and Associates, Inc. for prosecuting this frivolous appeal. Costs of appeal are assessed to Mar-Len.
AFFIRMED AS AMENDED, AND RENDERED.
NOTES
[1] Safeco Insurance Company, Mar-Len's surety, is not designated as an appellant in the motion for appeal granted by the trial court on April 30, 1990. Although Safeco and Mar-Len were represented by the same attorney when the third-party demand was made against Theriot, Safeco is also not mentioned at all in Mar-Len's brief before this court.