WHIPPLE, Judge.
This is an appeal from the judgment of the trial court maintaining a peremptory exception raising the objection of prescription. For the following reasons, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Larry J. Falcon, filed a petition to recover workmen’s compensation benefits on June 30, 1989.[1] In his original petition, Falcon alleged that on June 1, 1988, he suffered a heart attack while on the job and that after being confined to the hospital learned that surgery would be necessary. Falcon further alleged that while undergoing surgery on June 30, 1988, he suffered a second severe heart attack which resulted in permanent, total disability. Plaintiff next alleged that prior to June 30, 1988, he did not anticipate that he would be nor in fact was he totally disabled and that he expected that he could return to work. Plaintiff simultaneously filed his claim with the Office of Workers’ Compensation, which concluded that the claim had prescribed.
On November 21, 1989, defendant, Louisiana Employers Safety Association Self Insurers Fund (Employers), filed its answer, asserting the peremptory exceptions raising the objections of no cause/no right of action and prescription. The record does not show any further action taken with regard to these objections until Employers again filed a peremptory exception based solely upon the objection of prescription on May 17, 1990. A rule to show cause why the exception should not be maintained and the suit dismissed was initially set for July 13, 1990.
On July 12, 1990, the trial court granted an ex parte motion filed by Gloria D. Falcon, as administratrix of the estate of Larry J. Falcon, to substitute another attorney as counsel of record for plaintiff.[2] The rule previously set for July 13, 1990 was passed without date. Substitute counsel then filed an amended petition on September 21, 1990, the same day on which the trial court heard arguments on the pending objection of prescription.
The amended petition deleted the allegations that prior to June 30, 1988, Larry Falcon was not totally disabled and expected to return to work. Instead, the petition, as amended, alleged that Larry Falcon was immediately incapacitated and totally disabled as a result of the June 1, 1988 heart attack, rather than as a result of the second heart attack which occurred on June 30, 1988.
At the hearing[3] of the peremptory exception based upon the objection of prescription, the trial court considered the exception insofar as it related to both the original petition and to the petition, as amended. A written judgment was signed on October 2, 1990. By its judgment, the trial court maintained defendant’s peremptory exception of prescription and dismissed the petition, as amended, with prejudice. However, the trial court also stated in the judgment that the claim for workers’ compensation benefits arising after June 30, 1988, as set forth in the original petition, without amendment, had not prescribed.
Plaintiff filed a motion for new trial on October 9, 1990. The trial court heard the motion on November 16,1990, and on January 17, 1991, signed a judgment denying the motion for new trial for reasons orally assigned. In the court’s oral reasons, which were transcribed and made part of the record herein, the learned trial judge rebuked plaintiff’s counsel for what the judge considered to be barratry[4] through the amendment of the original petition.
Counsel for plaintiff does not dispute that plaintiff’s claim has prescribed, but assigns error to the trial court’s ruling on the prescription exception as it relates to the original petition and to the amended *19 petition, seeking “a clarification of that judgment”. He argues on appeal that the trial court ruled inconsistently on the exception raising the objection of prescription by overruling the exception with respect to the demands asserted in the original petition and by maintaining the exception with respect to the petition, as amended, resulting in the dismissal of plaintiffs suit. Plaintiff also asserts that the ruling by the trial court in its judgment of October 2, 1990 is clearly contrary to the law and the evidence.
DISCUSSION
Plaintiffs counsel argues on appeal that the trial court erred in concluding that the original petition, on its face, had not prescribed as to all claims asserted therein. As the trial court correctly noted, it is clear from this argument that counsel’s purpose is not to proceed further with this suit but to contrive or buttress another cause of action — namely, one of malpractice against prior counsel. This Court does not countenance such a strategy and perceives the present appeal as a feigned and nonexistent controversy aimed at eliciting what would amount to an advisory opinion from this court regarding the merits of the original petition. It is fundamental in our law that courts sit to administer justice in actual cases and that they do not and will not act on feigned ones, even with the consent of the parties. St. Charles Parish School Board v. GAF Corporation, 512 So.2d 1165, 1173 (La.1987), on rehearing.
A matter is considered moot in a case when the rendition of the judgment can have no practical legal effect upon the existing controversy (emphasis added). Board of Regents, State of Louisiana v. Board of Trustees for State Colleges and Universities, 460 So.2d 80 (La.App. 1st Cir.1984). The Court will not rule on a question of law which becomes moot since the decree would serve no useful purpose and give no practical relief. Board of Regents, 460 So.2d at 81-82.
Once plaintiff amended his suit, whether the cause of action stated in the original petition had prescribed on the face of the pleading became a moot question. Nevertheless, we do not consider it inappropriate for the trial court to have ruled upon the objection of prescription with respect to both the original petition and to the amended petition, when the amended petition was filed on the same day arguments on the objection of prescription were heard.[5] Further, the trial court’s ruling was correct. Based upon the allegations that Falcon’s second heart attack, occurring on June 30, 1988, was the cause of his permanent, total disability, and that prior to that time Falcon expected to return to work, the original petition had not prescribed on its face.
In the absence of evidence, the objection of prescription must be based upon the facts alleged in the petition, and all allegations thereof are accepted as true. Capital Drilling Company v. Graves, 496 So.2d 487, 488 (La.App. 1st Cir.1986). Plaintiff alleged in the original petition that he did not become disabled until June 30, 1988. As we previously stated in Holmes v. Baton Rouge Water Works Company, 558 So.2d 629 (La.App. 1st Cir.1990):
Generally, a worker’s compensation claim is barred unless asserted within one year from the date of the accident. When the injury does not result at the time of the accident or does not develop immediately after the accident the one year limitation does not take effect until one year from the time the injury develops. In such cases, however, the claim is forever barred unless instituted within two years of the accident. La.R.S. 23:1209(A).
Development of the injury has been equated in the jurisprudence with development of the disability. ‘[Disability marks the time from which it is clear *20 that the employee is no longer able to perform the duties of his employment in a satisfactory manner.’ [citations omitted] 558 So.2d 629, at 631.
Indeed, it is apparent that the purpose of amending the original petition was to insure that the exception raising the objection of prescription would be maintained, resulting in dismissal of the suit.
Plaintiff does not object to the dismissal of this suit on grounds that the petition, as amended, has prescribed. Accordingly, by plaintiffs own admission, this action can not be prosecuted any further. Moreover, any legal question arising from the trial court's ruling as it pertains to the original petition has become moot. Therefore, we affirm the trial court’s judgment maintaining the exception of prescription and dismissing the petition, as amended by plaintiff’s present counsel. Finding no jus-ticiable controversy, or issue worthy of review, we decline to “clarify” the trial court’s judgment. We affirm the judgment of the trial court maintaining defendant’s peremptory exception raising the objection of prescription. Appellant is cast with all costs of this appeal.
AFFIRMED.
LeBLANC, J., concurs and assigns reasons.

. This petition is referred to herein as the original petition.

. As set forth in appellant’s brief, Larry Falcon died on October 28, 1989.

. This hearing was not transcribed and made part of the record on appeal.

. "Barratry” is the stirring up or creation of a suit by a lawyer.

. We note that the trial court stated in its October 2, 1990 judgment that the amended petition was filed on September 18, 1990. However, that is the date of the certificate of service, not the date of formal filing. It is apparent that the trial court physically received the amended petition prior to its being filed with the clerk of court.