BOWES, Judge,
dissenting.
I respectfully dissent. The majority opinion states that the “O’Boyle’s suit against the Beards is based upon redhibitory defects and the petition asks solely for ‘quanti minoris and damages.’ ” I disagree. I believe that a fair reading of plaintiffs petition leaves no doubt that the plaintiffs allege that, through their various agents listed in the petition, defendants, Beards, asserted to them that the roof of the house was free from leaks and that the heating, cooling, electrical and plumbing systems were in working order and that the Beards and other defendants knew of and concealed these defects and that some or all of the defendants perpetrated a fraud upon plaintiffs. Thus, on the face of the petition, plaintiffs have alleged a cause of action based in fraud.
*672 While the petition requests specifically as damages “quanti minoris” it also requests “all other relief as provided by law.” Reeision of a contract where a petition alleges fraud is such relief.
The record in this case reflects that no evidence was adduced at the hearing on the exception of prescription. In the absence of evidence the objection of prescription must be based on the facts alleged in the petition and these allegations are accepted as true. Pearson v. Hartford Accident & Indemnity Company, 281 So.2d 724 (La.1973); Falcon v. La. Emp. Safety Ass’n., 601 So.2d 16 (La.App. 1 Cir.1992); Pointe Coupee Shell v. Mar-Len of La., 594 So.2d 958 (La.App. 3 Cir.1992).
In my opinion, plaintiffs petition, on its face, states a cause of action in fraud which is not prescribed and the trial court erred in ruling otherwise. Also, the law favors giving a plaintiff his “day in court” and in my view, plaintiff should not be deprived of this precious right by a technical and narrow construction of the pleadings. If there is a doubt, it should be resolved in favor of the plaintiff for a trial on the merits.
Accordingly, I respectfully dissent.