hPETERS, Judge.
The plaintiff, Edison L. Mier, brought this action against the defendant, Giles Lafayette, Inc. (Giles), to collect damages he claims to have sustained as the result of the purchase of a 1993 Nissan pickup truck from Giles on *387 April 14, 1993. Giles filed an exception of prescription which the trial court granted, and Mier has appealed that judgment.
DISCUSSION OF RECORD
On April 14, 1993, Edison L. Mier, purchased a 1993 Nissan truck from Giles Lafayette, Inc., a Lafayette Parish, Louisiana corporation. The purchase price of the vehicle was financed through Nissan Motor Acceptance Corporation.
The plaintiff contends that the Nissan automobile was represented to him as a new vehicle. However, shortly after the purchase, he discovered that the Nissan had previously been sold to an individual in Pine-ville, Louisiana, who had returned the Nissan shortly after purchasing it. Mier contends the automobile was then placed back on the new car lot and ultimately sold to him as a new automobile. After ] 2discovering the pri- or sale, Mier attempted to return the Nissan to Giles and cancel the sale. When Giles refused to accept the return of the Nissan, Mier stopped making payments to Nissan Motor Acceptance Corporation.
On August 11, 1993, Nissan Motor Acceptance Corporation instituted foreclosure proceedings on the vehicle. The vehicle was seized and sold with appraisal on January 26, 1994. This action was instituted against Giles on January 26, 1995. Giles responded to the petition by filing an exception of prescription.
On March 2,1995, the trial court entered a written order setting a hearing on the exception of prescription for March 20, 1995. Although the record does not contain a sheriffs return showing service of the exception on Mier, it appears to be undisputed that Mier’s counsel received service of that order on March 10, 1995. Mier’s counsel had previously received a copy of the proposed order by mail from Giles’ counsel. However, that copy had not yet been executed by the trial court and did not include the March 20,1995 setting date.
At the hearing on the exception, Giles objected to Mier presenting evidence or arguing against the exception. The basis of the objection was that Mier had not complied with Rule 23 of the Louisiana Rules of Court — Rules of the Fifteenth Judicial District. This rule requires that a party file a pretrial brief in response to a motion at least seven working days prior to a hearing on the motion. This rule provides that “[fjailure to file such brief may result in such disciplinary action as the Court may deem necessary.”
The trial court sustained Giles’ objection and refused to allow Mier to file his motion in opposition to the exception, present evidence, or argue the exception. Mier then requested a continuance, and the trial court denied this request. After a brief argument by Giles, the exception was maintained. Mier has appealed alleging three ^assignments of error:
1) The Trial Court erred in denying the continuance requested by plaintiff for Trial of the Exception.
2) The Trial Court erred by not allowing plaintiff to present testimony or oral argument at trial of the Exception of Prescription.
3) The Trial Court erred in maintaining defendant’s Exception of Prescription and dismissing plaintiffs suit.
OPINION
La.Code Civ.P. art 193 provides that courts may adopt local rules. It reads in pertinent part:
A court may adopt rules for the conduct of judicial business before it, including those governing matters of practice and procedure which are not contrary to the rules provided by law.
The Fifteenth Judicial District has established a local rule concerning the fixing of exceptions for trial which reads as follows:
Section A. Rules, motions and exceptions will be fixed sufficiently far in advance to insure the notice and lapse of time required by law.
Rule 15(A) of the Louisiana Rules of Court— Rules of the Fifteenth Judicial District. Additionally, a rule has been promulgated to govern the filing of pretrial briefs. Rule 23 of the Louisiana Rules of Court — Rules of the Fifteenth Judicial District provides in pertinent part:
*388 Section A. Except for good cause shown, a pre-trial brief shall be submitted by both parties to a trial on any motion and or trial on the merits at least seven (7) working days prior to trial.... Failure to file such brief may result in such disciplinary action as the Court may deem necessary.
When Mier failed to timely file his pretrial brief in accordance with this rule, the trial court imposed the disciplinary action of not allowing argument or evidence to be presented on his behalf. We find that such action was in error.
We first note that March 10, 1994, was a Friday and that March 20, 1994, was 14a Monday. Thus, Mier had less than one working day in which to prepare and file his pretrial brief. To require a response in such a short period would violate the adequate notice requirements of Rule 15(A) and would preclude Mier from being physically able to comply with the seven-working-day requirement of Rule 23(A).
Additionally, when a cause of action has prescribed on the face of the pleadings, the plaintiff bears the burden of showing that the action has not prescribed. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992). The prescriptive period commences on the date a plaintiff has actual or constructive knowledge of facts which would entitle him to bring suit. Lynch v. Foster, 376 So.2d 342 (La.App. 3 Cir.1979), writ denied, 378 So.2d 433 (La.1979). It is not necessary that an actual loss be suffered in order for prescription to commence, and it is sufficient for one to be aware that a loss is going to be suffered or is sure to result. Pointe Coupee Shell & Limestone, Inc. v. Mar-Len of La., Inc., 594 So.2d 958 (La.App. 3 Cir.1992); Harvey v. Dixie Graphics, Inc., 593 So.2d 351 (La.1992). In this case, the sanction imposed for failure to comply with Rule 23 deprives Mier of due process and renders it impossible for him to attempt to show that prescription had not lapsed in this case. We find that such a sanction is inappropriate. See Rayborn v. Rayborn, 246 So.2d 400 (La.App. 1 Cir.), writ refused, 258 La. 775, 247 So.2d 868 (1971).
In reaching the conclusion that this matter should be remanded to the trial court for further proceedings, we make no finding concerning the merits of the exception of prescription. We simply find that the hearing on the exception, as presented to us, does not comply with the local court rules or fundamental due process.
DISPOSITION
For the reasons set forth herein, the judgment of the trial court granting the defendant’s exception of prescription and dismissing Mier’s action is reversed andjgthe matter is remanded for further proceedings. All costs are taxed against the defendant, Giles Lafayette, Inc.
REVERSED AND REMANDED.