STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 1304

DONALD RAY SINGLETARY, JR.

VERSUS

MICHAEL B. COOPER, INDIVIDUALLY AND AS CHIEF EXECUTIVE
OFFICER OF THE ST. TAMMANY PARISH GOVERNMENT, AND
ST. TAMMANY PARISH GOVERNMENT

Judgment Rendered: ___AUG 0 8 2024___

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2021-14304

The Honorable Raymond Childress, Judge Presiding

| | |
|---|---|
| Joseph "Jay" G. Albe, Jr.<br>Slidell, Louisiana | Counsel for Plaintiff/Appellant,<br>Donald Ray Singletary, Jr. |
| James J. Bolner<br>Angel L. Byrum<br>Mandeville, Louisiana | Counsel for Defendants/Appellants,<br>Michael B. Cooper, Individually<br>and as Chief Executive Officer of<br>the St. Tammany Parish<br>Government, and St. Tammany<br>Parish Government |

BEFORE:  McCLENDON, HESTER, AND MILLER, JJ.

**MILLER, J.**

This matter is before us on appeal by plaintiff, Donald Ray Singletary, Jr., from a judgment of the trial court maintaining defendants' declinatory exception of insufficiency of service of process and dismissing plaintiff's claims without prejudice.  For the reasons that follow, we reverse.

## FACTS AND PROCEDURAL HISTORY

On October 8, 2021, plaintiff filed a petition seeking damages for breach of contract and defamation against Michael B. Cooper, individually, and as the Chief Executive Officer of the St. Tammany Parish Government, and the St. Tammany Parish Government ("STPG").  Mr. Cooper and STPG[1] were personally served with the original petition on October 21, 2021.

Prior to answering the petition, Mr. Cooper and STPG filed a peremptory exception of no cause of action contending that plaintiff's petition failed to state a cause of action for breach of contract and defamation.  On February 2, 2022, plaintiff fax-filed a memorandum in opposition to the exception and a first supplemental and amending petition naming St. Tammany Parish Councilman Chris Canulette as an additional defendant.  That same date, plaintiff served an unfiled copy of the first supplemental and amending petition upon Mr. Cooper and STPG through their attorney of record *via* email, pursuant to La. C.C.P. art. 1313, and requested service of the petition upon Mr. Canulette.[2]  Mr. Canulette was personally served with the first supplemental and amending petition on February 28, 2022.[3]  The exception of no cause of action was heard on February 17, 2022.[4]

---

[1]STPG was served through its agent for service, the Parish President, Mr. Cooper.

[2]Plaintiff did not request that Mr. Canulette be served with the original petition along with the first supplemental and amending petition.

[3]No exceptions were filed in response to the filing of the first supplemental and amending petition.

[4]Contrary to the order, minute entry, and judgment, which indicate that the matter was set and heard on February 17, 2022, the transcript bears the date of February 7, 2022.

2

Following the hearing, on March 14, 2022, the trial court signed a judgment maintaining the exception of no cause of action and granting plaintiff fifteen days to amend his petition.

On March 29, 2022, plaintiff timely fax-filed a second supplemental and amending petition. Plaintiff simultaneously served a copy of the second supplemental and amending petition upon Mr. Cooper and STPG through their attorney of record *via* email pursuant to La. C.C.P. art. 1313 and requested service of the petition upon Mr. Canulette.[5] On June 13, 2022, the clerk of court issued a letter to plaintiff advising that the Sheriff's Office returned the citation to be issued to Mr. Canulette due to "[i]nsufficient funds to process." On September 8, 2022, plaintiff again requested service of the second supplemental and amending petition but this time upon Mr. Cooper and STPG. A letter was again issued by the clerk of court on October 24, 2022, advising that the citation was returned unserved due to insufficient funds. On January 18, 2023, plaintiff again requested that Mr. Cooper, STPG, and Mr. Canulette be served with his second supplemental and amending petition. Mr. Cooper and STPG were served on January 25, 2023, and Mr. Canulette was served on January 31, 2023.

On January 31, 2023, defendants filed a declinatory exception of insufficiency of service of process, seeking dismissal of plaintiff's second supplemental and amending petition.[6] Defendants contended that plaintiff's

---

[5]To the extent that the copy did not bear a filed stamp from the clerk of court, we note that La. C.C.P. art. 1313 contains no such requirement that the copy of the pleading transmitted be a filed copy of the pleading.

[6]Defendants captioned their exception, "Dilatory Exception of Lack of Proper Service." Louisiana is a fact-pleading state that values substance over form and requires courts to look beyond the caption of pleadings in order to ascertain their substance and do substantial justice to the parties. Pembo v. Pembo, 2017-1153 (La. App. 1st Cir. 6/28/19), 280 So. 3d 656, 659; Matter of Cole, 2019-0938 (La. App. 1st Cir. 12/27/19), 293 So. 3d 1163, 1169, writ denied, 2020-00184 (La. 3/9/2020), 307 So. 3d 1029. La. C.C.P. art. 925 provides a non-exclusive list of objections that may be raised by a declinatory exception, and we believe defendants' objection of "lack of proper service" is, in fact, an objection of insufficiency of service of process, which may be raised through a declinatory exception. See La. C.C.P. art. 925. Thus, we will treat defendants' exception as such herein.

emailing of an unfiled amended petition without a proper citation signed by the clerk of court is not a proper method of service, and that amended petitions are not exempt from the requirement that defendants be served with the citation by the Sheriff. Defendants further contended that plaintiff had ninety days from April 12, 2022, or July 11, 2022, to request service of his second supplemental and amending petition, but failed to properly do so until January 25, 2023. The exception was heard on May 18, 2023. Following the hearing, on June 13, 2023, the trial court signed a "Final Judgment of Dismissal," maintaining the exception, declaring the judgment "final" pursuant to La. C.C.P. art. 2083(A), and dismissing "all of the Plaintiff's claims against all of the Defendants" without prejudice pursuant to La. C.C.P. art. 1672(C).

Plaintiff now appeals contending that the trial court erred in maintaining the exception of insufficiency of service as to Mr. Cooper and STPG,[7] in finding that service of an amended petition through the attorney of record *via* email pursuant to La. C.C.P. art. 1313 was not permitted, and in maintaining defendants' exception of no cause of action.

## DISCUSSION

### Declinatory Exception of Insufficiency of Service of Process

Proper citation and service thereof are essential in all civil actions, with few exceptions.[8] Without them, all proceedings are absolutely null. La. C.C.P. art. 1201(A). Proper citation is the cornerstone of these actions. Tranchant v. State, 2008-0978 (La. 1/21/09), 5 So. 3d 832, 834. To "cite" a party is "to notify [them] of legal proceedings against them." Black's Law Dictionary 244 (6th ed. 1990).

---

[7]Plaintiff conceded at the hearing that service of Mr. Canulette was defective because he did not request that Mr. Canulette be served with the second supplemental petition *and* original petition as required by La. C.C.P. art. 1201(C), and plaintiff does not challenge the dismissal of his claims against Mr. Canulette on appeal.

[8]Citation and service thereof are not essential in summary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children's Code. La. C.C.P. art. 1201(A).

4

The purpose of a citation is to apprise defendant of the demand against him. Brannin v. Clements, 142 So. 621, 622 (La. App. 1st Cir. 1932).

Louisiana Code of Civil Procedure article 1202 sets forth the requirements for a valid citation and service, as follows:

> The citation must be signed by the clerk of the court issuing it with an expression of his official capacity and under the seal of his office; must be accompanied by a certified copy of the petition, exclusive of exhibits, even if made a part thereof; and must contain the following:
>
> (1) The date of issuance;
>
> (2) The title of the cause;
>
> (3) The name of the person to whom it is addressed;
>
> (4) The title and location of the court issuing it; and
>
> (5) A statement that the person cited must either comply with the demand contained in the petition or make an appearance, either by filing a pleading or otherwise, in the court issuing the citation within the delay provided in Article 1001 under penalty of default.

The provisions governing the timing and service of citation are set forth in La. C.C.P. art. 1201(C), as follows:

> Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing, and the additional defendant shall be served with the original petition and the supplemental or amended petition.[9] The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.

Louisiana Revised Statutes 13:5107(D)(1) and (2) govern the period of time allotted to request service of citation on a political subdivision or officer thereof

---

[9] Article 1201(C) was amended and reenacted by La. Acts 2022, No. 455, §1, effective August 1, 2022, to provide that when a supplemental or amending petition is filed to name any additional defendant, service of citation shall be requested within ninety days of its filing, "*and the additional defendant shall be served with the original petition and the supplemental or amended petition.*" (Emphasis added.)

5

such as Mr. Cooper and STPG.[10]  See Miller v. Hirstius, 2022-0740 (La. App. 1st Cir. 3/15/23), 363 So. 3d 532, 538.   Louisiana Revised Statute 13:5107(D)(1) provides:

> In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, *service of citation shall be requested within ninety days of the commencement of the action* or the filing of a supplemental or amended petition *which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party.*  This requirement may be expressly waived by the defendant in such action by any written waiver.[11]  If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service.

(Emphasis added.)

According to La. R.S. 13:5107(D)(2), if service is not requested within the time required in Section (D)(1), the action "shall be dismissed without prejudice" after a contradictory motion as provided in La. C.C.P. art. 1672(C).   Article 1672(C) provides that such dismissal without prejudice shall be rendered "unless good cause is shown why service could not be requested." Dominick v. Grambling State University by and Through Board of Supervisors for University of Louisiana, 2019-1402 (La. App. 1st Cir. 7/24/20), 309 So. 3d 384, 387, citing Tranchant, 5 So. 3d at 834.  Louisiana courts strictly construe the good cause requirement of article 1672(C).  Barnett v. Louisiana State University Medical Center-Shreveport, 2002-2576 (La. 2/7/03), 841 So. 2d 725, 726.

Louisiana Code of Civil Procedure article 1312, entitled "Service of pleadings subsequent to petition; exceptions," provides that, except in certain enumerated exceptions, "every pleading subsequent to the **original** petition shall be served on the adverse party as provided by Article 1313 or 1314, whichever is

---

[10]Pursuant to La. R.S. 13:5102(B)(1), STPG is a "public or governmental body" classified as a "political subdivision."   As such, service in accordance with La. R.S. 13:5107(D)(1) applies to STPG and its officers.

[11]There has been no written waiver of service by any of the defendants herein.

6

applicable."[12] (Emphasis added.) The statute provides no enumerated exception for supplemental and amended petitions. Pursuant to La. C.C.P. art. 1313(A)(4), "[e]xcept as otherwise provided by law, every pleading subsequent to the original petition, and every pleading which under an express provision of law may be served as provided in this Article, may be served either by the sheriff or by ... [t]ransmitting a copy by electronic means to counsel of record."

A "supplemental petition" is a "supplemental pleading." See La. C.C.P. art. 1155. Louisiana Code of Civil Procedure article 1155, entitled, "**Supplemental pleadings**," provides that:

> The court, upon written consent of the parties, may permit the mover to file a **supplemental petition** or answer setting forth items of damage, causes of action or defenses that have become exigible since the date of filing the original petition or answer, and that are related to or connected with the causes of action or defenses asserted therein. If the parties do not consent, the court may grant leave to file a **supplemental petition** or answer only upon contradictory motion.

(Emphasis added.)

A trial court's ruling on an exception of insufficiency of service of process is reviewed under the manifest error standard. Lathan Company, Inc. v. Division of Administration, 2017-0396 (La. App. 1st Cir. 1/24/19), 272 So. 3d 1, 4, writ denied, 2019-0331 (La. 4/29/19), 268 So. 3d 1036. However, when the facts are not disputed, and the issue before the court is whether the trial court properly interpreted and applied the law, the standard of review for rulings on exceptions of insufficiency of citation and service of process is *de novo*. Brown v. Chesson, 2020-00730 (La. 3/24/21), 315 So. 3d 834, 836; Lathan Company, Inc., 272 So. 3d at 4. Our interpretation of the application of the statutes above to the facts at hand

---

[12]Louisiana Code of Civil Procedure article 1312 further provides that:

> No service on the adverse party need be made of a motion or petition for an appeal, of a petition for the examination of a judgment debtor, of a petition for the issuance of garnishment interrogatories in the execution of a final judgment, or of any pleading not required by law to be in writing.

7

presents a question of law subject to *de novo* review. See Brown, 315 So. 3d at 836.

The starting point in the interpretation of any statute is the language of the statute itself, and a statute shall be construed to give meaning to its plain language. City of Baton Rouge v. Donahue, 2023-0319 (La. App. 1st Cir. 12/27/23), 380 So. 3d 666, 673. As a fundamental rule of statutory construction, the more specific statute controls over a broader, more general statute. Regions Bank v. Eymard, 2021-0926 (La. App. 1st Cir. 5/23/22), 342 So. 3d 908, 924, writ denied, 2022-00977 (La. 10/18/22), 348 So. 3d 731. When two statutes deal with the same subject matter, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. Louisiana Board of Ethics v. Purpera, 2020-0801 (La. App. 1st Cir. 2/19/21), 321 So. 3d 401, 405, writ denied, 2021-00404 (La. 5/11/21), 315 So. 3d 868.

In the instant case, La. R.S. 13:5107(D)(1) specifically governs service "[i]n all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party," while the "general rule [concerning service] is specified in La. C.C.P. art. 1201(C)." Tranchant, 5 So. 3d at 834 n.2.

Plaintiff contends that under La. R.S. 13:5107(D)(1), formal service and citation of his second supplemental and amending petition was not required since Mr. Cooper and STPG were named in the original petition. According to plaintiff, service of a supplemental and amending petition on a governmental entity is properly served through its attorney of record *via* email when that party was previously named and formally served with citation of the original petition. Plaintiff thus maintains that because his second supplemental and amending petition, is a "pleading subsequent to the original petition," service by email is authorized by La. C.C.P. art. 1313(A)(4).

8

Defendants counter, arguing that service of process pursuant to La. C.C.P. art. 1313 does not satisfy the requirements of La. C.C.P. art. 1201 and La. R.S. 13:5107 for *citation* and service by the Sheriff. Defendants contend that La. C.C.P. art. 1313, which allows for service by email "except as otherwise provided by law," pertains to service of pleadings that set a hearing or trial date for motions seeking summary judgment, exceptions, and other similar matters. Defendants maintain that the provisions of La. C.C.P. art. 1313 are not intended to relieve a party of the service requirements in La. C.C.P. art. 1201.

On review, we find a historical analysis outlining the evolution of La. C.C.P. art. 1313 most helpful. Prior to its amendment by La. Acts 1999, No. 1263, § 1, effective January 1, 2000, La. C.C.P. art. 1313 expressly provided that "Service by mail, delivery, or facsimile," only applied to pleadings that required no appearance or answer.[13] The 1999 amendment made service of all pleadings subsequent to the original petition more easily accomplished, efficient, and more economical by providing expanded methods of service. See La. C.C.P. art. 1313, Comment-1999. Thereafter, La. Acts 2010, No. 185, § 1 amended and broadened La. C.C.P. art. 1313(A)(4) and (B) to authorize service by "electronic means," which included email and facsimile transmissions. The prior version of the Article limited electronic service to facsimile transmissions. See La. C.C.P. art. 1313, Comment-2010. In 2012, Article 1313 was amended by La. Acts 2012, No. 741, § 1 to add service by commercial courier as an option. See La. C.C.P. art. 1313, Comment-2012. And, most recently, La. Acts 2021, No. 68, § 1, effective January 1, 2022, amended La. C.C.P. art. 1313(C) to allow service of a pleading or order setting a court date by emailing the party or his counsel at a designated email address,

---

[13]Cf. Barrios v. Barrios, 95-1390 (La. App. 1st Cir. 2/23/96), 694 So. 2d 290, 294, writ denied, 96-0743 (La. 5/3/96), 672 So. 2d 691; Johnson v. Johnson, 94-0018 (La. App. 1st Cir. 11/10/94), 645 So. 2d 1260, 1262; Ainsworth v. Ainsworth, 2003-1626 (La. App. 4th Cir. 10/22/03), 860 So. 2d 104, 110-112, writ denied, 2003-2964 (La. 1/9/04), 862 So. 2d 995, cert. denied, 541 U.S. 992, 124 S.Ct. 2020, 158 L.Ed.2d 498 (2004) (If a pleading requires an appearance or answer, service by mail is not authorized, and the sheriff's service is required.).

provided that the sender receives an electronic confirmation of delivery. See La. C.C.P. art. 1313, Comments-2021.

Mr. Cooper and STPG were timely served with citation of plaintiff's original petition "within ninety days of the commencement of the action" in accordance with La. C.C.P. art. 1201(C) and La. R.S. 13:5107(D)(1). Hence, Mr. Cooper and STPG were properly cited and made aware of plaintiff's demand against them.

A plain reading of the above statutes leads us to conclude that plaintiff was not required to serve Mr. Cooper and STPG with *citation* of his second supplemental and amending petition, as suggested by defendants and determined by the trial court. Louisiana Revised Statute 13:5107(D)(1) only requires service of citation of a supplemental and amended petition that "initially" names the political subdivision or its officer. Mr. Cooper and STPG were initially named in the original petition at the commencement of the action. Moreover, La. C.C.P. art. 1201(C) does not require that a defendant previously served with citation of the original petition be cited with every subsequent supplemental and amending petition. Louisiana Revised Statute 13:5107(D)(1) and La. C.C.P. art. 1201(C) only require service of citation upon any additional defendants named in a supplemental and amending petition.

As set forth above, a "supplemental petition" is a "supplemental pleading" filed subsequent to the original petition. See La. C.C.P. art. 1155. Louisiana Code of Civil Procedure article 1312 plainly provides that every pleading subsequent to the original petition shall be served on the adverse party as provided by Article 1313 or 1314, and Article 1313(A)(4) provides that service of this subsequent pleading may be accomplished by transmitting a copy by email to counsel of record.

On review, we thus find that plaintiff's transmission of his second supplemental and amending petition by email to counsel of record for Mr. Cooper

and STPG sufficient herein. Accordingly, the trial court erred in maintaining defendants' declinatory exception of insufficiency of service of process.

**Peremptory Exception of No Cause of Action**

In his final assignment of error, plaintiff attempts to challenge the trial court's grant of defendants' exception of no cause of action. The trial court's March 14, 2022 judgment maintained defendants' exception of no cause of action and granted plaintiff fifteen days to amend his petition. Defendants contend that because plaintiff did not perfect an appeal from the March 14, 2022 judgment, his challenge is not properly before this court. Although we disagree with defendants' assertions, we nonetheless find no merit to plaintiff's assignment of error.

A judgment maintaining an exception of no cause of action and allowing a period of time for amendment of the petition is not an appealable judgment because it is neither a final judgment nor an appealable interlocutory judgment expressly appealable by law. See La. C.C.P. art. 2083; Barfield v. Tammany Holding Company, 2016-1420 (La. App. 1st Cir. 6/2/17), 2017 WL 2399020, *1 (unpublished), citing Schroeder v. Board of Supervisors of Louisiana State University, 540 So. 2d 380, 382 (La. App. 1st Cir. 1989). Rather, such a judgment merely permits an amendment within the delay allowed by the trial court as provided in La. C.C.P. art. 934. See Cleartrac, LLC v. Lanrick Contractors, LLC, 2020-0175 (La. App. 1st Cir. 11/6/20), 2020 WL 6536929, *3 (unpublished); Burniac v. Costner, 2018-1709 (La. App. 1st Cir. 5/31/19), 277 So. 3d 1204, 1208-1209. In fact, even if the delay period within which to amend has passed, the plaintiff may still amend unless the defendant has moved for dismissal, as was done by plaintiff herein. See Burniac, 277 So. 3d at 1209; Schroeder, 540 So. 2d at 382.

The March 14, 2022 judgment is merely an interlocutory judgment, not made expressly appealable by law, and which dismisses no claims and no parties.

A final appealable judgment would result only when a judgment is entered expressly dismissing plaintiff's claims against defendants. See Cleartrac, LLC, 2020 WL 6536929 at *3. Accordingly, plaintiff was precluded from appealing the March 14, 2022 judgment.

Nonetheless, to the extent that nonappealable interlocutory rulings are reviewable on appeal of a final judgment,[14] we note that a matter is considered moot in a case when the rendition of the judgment can have no practical legal effect upon the existing controversy. Courts will not rule on questions of law which become moot since the decree would serve no useful purpose and give no practical relief. Falcon v. Louisiana Employers Safety Association Self Insurers Fund, 601 So. 2d 16, 19 (La. App. 1st Cir. 1992). After a review of the original petition, the trial court gave plaintiff an opportunity to amend. Plaintiff has now amended the petition twice, and the twice-amended petition has not faced an exception of no cause of action. Once plaintiff amended his suit, whether the original petition set forth a cause of action became a moot question. See Falcon, 601 So. 2d at 19. Accordingly, this issue is moot.

## CONCLUSION

For the above and foregoing reasons, the June 13, 2023 judgment of the trial court is reversed. All costs of this appeal in the amount of $1,081.25 are assessed against the defendants/appellees, Michael B. Cooper, individually, and as the Chief Executive Officer of the St. Tammany Parish Government, and the St. Tammany Parish Government.

**REVERSED.**

---

[14]When an unrestricted appeal is taken from a final judgment determinative of the merits, an appellant is generally entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment. Stevens v. St. Tammany Parish Government, 2016-0534 (La. App. 1st Cir. 1/18/17), 212 So. 3d 568, 578.